UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAUNA ANDERSON, <br> I.D. and G.L., <br><br> Plaintiffs, <br><br> v. <br><br> SUPREME JUDICIAL COURT OF THE <br> COMMONWEALTH OF MASSACHUSETTS, <br> RALPH D. GANTS, BARBARA A. LENK, <br> FRANK M. GAZIANO, DAVID A. LOWY, <br> KIMBERLY S. BUDD, ELSPETH B. CYPHER, <br> SCOTT L. KAFKER, <br> ANASTASIA PANAGIOTOPOULOS and <br> NIKOLAOS PANAGIOTOPOULOS, <br><br> Defendants. | Case No. 18-cv-11302-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                 **March 15, 2019**

**I.     Introduction**

Plaintiff Shauna Anderson ("Anderson") has filed this lawsuit on behalf of herself and her children, I.D. and G.L., against the Supreme Judicial Court of Massachusetts, the Justices thereof in their official capacities ( the "Judicial Defendants") (together, the "Commonwealth Defendants"), and Anderson's former landlords Anastasia Panagiotopoulos and Nikolaos Panagiotopoulos (together, the "Landlord Defendants") (collectively, "Defendants"). The Court construes the amended complaint as alleging that: the Commonwealth Defendants' court fees violate the due process and equal protection clauses of the Fourteenth Amendment (Count I ), D.

1

8 ¶¶ 75-78; such fees constitute a deprivation of access to public accommodations in violation of 42 U.S.C. § 1983 (Count II), id. ¶¶ 79-80; the Commonwealth Defendants' conduct constitutes "obstruction of courts" in violation of the Fourteenth Amendment (Count III), id. ¶¶ 81-83; Anderson's summary process eviction violated constitutional and state law (Counts IV and V), id. ¶¶ 84-90; and the Landlord Defendants discriminated against Anderson and her family in violation of the Fair Housing Act and other unspecified federal laws (Counts VI, VII and VIII), id. ¶¶ 91-99.  The amended complaint also attempts to incorporate by reference documents Anderson filed in Housing Court (Count IX), which were attached to the original complaint, see D. 1-3, but omitted from the amended complaint, see D. 8 ¶¶ 100-101.

The Commonwealth Defendants have moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  D. 24.  For the reasons stated below, the Court ALLOWS the motion and dismisses this action with prejudice as to all Defendants.

**II.     Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).  To determine if the burden has been met, the Court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor."  Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

A defendant may also move to dismiss, based solely on the complaint, for a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief."  Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  Id. (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable."  Twombly, 550 U.S. at 556.

### III. Factual Background

The Court accepts the following non-conclusory factual allegations in the amended complaint as true.[1]  The Court, where applicable, also draws from "facts contained in documents

---

[1] The amended complaint, captioned and fancifully structured as a "Verified Screenplay," D. 8, does not comport with the Federal Rules of Civil Procedure or the Local Rules of this Court.  For two examples, the amended complaint is neither a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), nor is it double-spaced as required by L. R. 5.1(a)(2).  Anderson's failure to comply with these rules alone could constitute sufficient grounds to dismiss the amended complaint.  See Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 58 (D. Mass. 2015) (explaining that "[a] district court has the power to dismiss a

incorporated within the complaint and facts susceptible to judicial notice" for the purposes of evaluating the motion to dismiss.  Haley v. City of Boston, 657 F.3d 39, 44 (1st Cir. 2011).  The instant dispute stems from a summary process eviction action that the Landlord Defendants initiated in Massachusetts Housing Court ("Housing Court") against Anderson for non-payment of rent in November 2017.  D. 8 ¶ 32.  The matter was scheduled for trial in Housing Court in December 2017.  Id. ¶ 33.  On the first day of trial, which was several days after Anderson's answer was due, Anderson filed an answer with a request for a jury trial and a motion to continue the trial.  Id. ¶¶ 33, 35.  The Housing Court accepted Anderson's answer, continued the trial date but denied Anderson's request for a jury trial and schedules the matter for a jury waived trial.  Id. ¶ 36.  Anderson filed a petition with a single Justice of the Massachusetts Appeals Court, seeking interlocutory review of the denial of her jury trial request.  Id. ¶ 37.  The petition and Anderson's subsequent motion for reconsideration were denied.  Id. ¶¶ 39-41.

On February 15, 2018, Anderson petitioned a single Justice of the Supreme Judicial Court for review of the Massachusetts Appeals Court's denial of her petition and refusal to consider her "motion for relief from judgment" regarding same.  Id.  ¶ 51; D. 1-3 at 41, 44.  Along with her petition, Anderson filed an application to waive the filing fee associated with the petition and an affidavit of indigency that was signed by her attorney (as opposed to by Anderson, as required).  D. 8 ¶¶ 52, 55; D. 1-3 at 41.  On March 1, 2018, the single Justice of the Supreme Judicial Court denied Anderson's application for a fee waiver without prejudice because the affidavit of

---

complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s short and plain statement requirement") (internal quotations omitted) (quoting Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993)); see also L. R. 1.3 (explaining that "failure to comply with . . . [Local Rules] may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer").  Since, however, the Court concludes that dismissal is appropriate on other substantive grounds, as explained infra, the Court does not dismiss based on these deficiencies.

indigency was not signed by Anderson.  D. 8 ¶ 54; D. 1-3 at 42.  Per the single Justice's order, Anderson was to file a properly executed affidavit of indigency or pay the statutory filing fee within fourteen days or the case would be dismissed.  Id.  Anderson failed to take any action and, as a result, the single Justice of the Supreme Judicial Court dismissed Anderson's petition without prejudice.  D. 8 ¶ 56; D. 1-3 at 42.  On June 1, 2018, Anderson filed an untimely appeal to the Supreme Judicial Court, arguing that the single Justice's dismissal violated her due process right of access to the court.  D. 8 ¶ 61; D. 1-3 at 12-17 (providing Anderson's appeal of the single Justice's denial of her petition).  The Supreme Judicial Court affirmed the single Justice's dismissal of Anderson's petition on October 30, 2018.  See Anderson v. Panagiotopoulos, 480 Mass. 1031 (2018).  The Supreme Judicial Court concluded that the petition at issue was moot because (1) the Housing Court had previously entered final judgment against Anderson in the underlying summary process proceeding,[2] (2) the single Justice did not err, abuse his discretion or infringe upon Anderson's right of access to the courts by requiring a signed affidavit of indigency and (3) even if the Supreme Judicial Court considered the underlying merits of Anderson's petition challenging Housing Court's denial of her request for a jury trial, Anderson failed to demonstrate she lacked adequate alternative means of obtaining appellate review as required by S.J.C. Rule 2:21.  Id. at 1032 (noting that Anderson "could have appealed the Housing Court judgment, in which case the judgment of eviction would have been automatically stayed pending appeal . . . and could have argued to the appellate court that she was erroneously deprived of a jury trial").

## IV.   Procedural History

Anderson instituted this action on June 21, 2018.  D. 1.  That same day, Anderson filed an emergency motion to stay execution of her eviction.  D. 4.  The Court denied the motion pursuant

---

[2] Anderson did not appeal the Housing Court's final judgment.  D. 25-2 at 5.

to the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits the Court from staying the housing dispute between Anderson and the Landlord Defendants that was ongoing at the time, and because the Rooker–Feldman doctrine prohibits the Court from reviewing and reversing constitutional claims regarding Anderson's right to a jury trial that were previously considered and rejected by the Supreme Judicial Court. D. 7. Anderson filed an amended complaint on June 27, 2018. D. 8. The Commonwealth Defendants have now moved to dismiss. D. 24. The Court heard the parties on the pending motion to dismiss on February 6, 2019 and took the matter under advisement. D. 29. That same day, Anderson filed a document the Court has construed as requesting that Anderson's counsel, Attorney Ilya Liviz, and his minor child be added to the litigation as "collateral plaintiffs." D. 28.[3] With leave of Court, the Commonwealth Defendants filed an opposition to the attempt to add Attorney Liviz and his son to the instant litigation. D. 31.

## V.     Discussion

The claims alleged in the amended complaint can be divided into two parts: (1) claims against the Commonwealth Defendants for dismissing Anderson's Supreme Judicial Court petition after she did not pay the applicable filing fee and failed to submit a properly executed affidavit of indigency (Counts I–III), D. 8 ¶¶ 75-83; and (2) claims against the Landlord Defendants (and to some extent, against the Commonwealth Defendants as well) that seek to overcome the Housing Court's summary process judgment against Anderson and her subsequent eviction from the Landlord Defendants' premises (Counts IV–IX), id. ¶¶ 84-101. Anderson seeks declaratory relief, including a declaration that "barring access to the court on matters concerning fundamental rights

---

[3]The Court would be remiss if it did not pause to comment that many of the filings by Attorney Liviz, which often contain hyperbolic statements and commentary not relevant to the material issues at hand, are difficult to follow even as the Court has been able to discern the crux of the factual allegations and legal claims.

and possession of a home" violates the Fifth and Fourteenth Amendments and a declaration that Anderson's indigency sufficiently protects the Commonwealth's legitimate interest in deterring frivolous filings such that the single Justice of the Supreme Judicial Court should have considered the merits of Anderson's petition.  Id.  ¶¶ B, C.  Anderson also requests an injunction staying eviction proceedings against her in Housing Court, as well as damages, fees and costs.  Id. ¶¶ D, E.  In the motion to dismiss, the Commonwealth Defendants argue the Court lacks subject matter jurisdiction over Anderson's claims pursuant to applicable abstention doctrine or, in the alternative, the Commonwealth Defendants are entitled to immunity.  D. 24; D. 25.

### A. The Court Lacks Subject Matter Jurisdiction Over All Claims Against All Defendants

Commonwealth Defendants first argue that this Court lacks subject matter jurisdiction over Anderson's claims pursuant to Younger v. Harris, 401 U.S. 37 (1971), which addresses the circumstances under which a federal court should abstain from exercising subject matter jurisdiction given the pendency of a related state court proceeding.  The First Circuit has concluded that abstention under the Younger doctrine is appropriate when "the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007).  The instant litigation, however, does not implicate an ongoing state proceeding at this juncture.  The Commonwealth Defendants concede the Housing Court and state appellate court proceedings at issue in the Anderson's amended complaint have "now ended."  D. 25 at 9 n.5.  The Commonwealth Defendants, nonetheless, urge the Court to apply the Younger doctrine and abstain from exercising jurisdiction here because the relevant proceedings were pending when Anderson filed the original complaint in June 2018.  For support, Commonwealth Defendants rely upon

Bettencourt v. Bd. of Registration in Med. of Mass., 904 F.2d 772 (1990), in which the First Circuit explained that "[i]n determining whether federal proceedings would interfere with ongoing state proceedings, the proper point of reference is the date plaintiff filed [her] federal complaint." Bettencourt, 904 F.2d at 777 (emphasis in original).  In Bettencourt, however, the First Circuit concluded that granting the relief sought by the plaintiff in that case would substantially disrupt a "now" pending action before the Supreme Judicial Court.  Bettencourt, 904 F.2d at 777 (noting that plaintiff had filed the federal complaint after having petitioned the Supreme Judicial Court for review and noting that "[w]e need not consider the result here had plaintiff brought his federal action without petitioning for review to the [Supreme Judicial Court]").  The Court, therefore, declines to adopt Commonwealth Defendants' construction of the Younger doctrine, particularly given that the Rooker–Feldman doctrine readily counsels in favor of abstention on the alleged facts at issue here.

Pursuant to the Rooker–Feldman doctrine, "federal district courts lack jurisdiction over 'federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments.'"  Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (alteration in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)).  Here, Anderson seeks injunctive and declaratory relief as well as damages resulting from the outcome of proceedings in courts of the Commonwealth.  Anderson complains that the judgments in question—including the Housing Court's entry of final judgment resulting in Anderson's eviction proceeding, the single Justice's dismissal of Anderson's petition for failure to adhere to filing requirements and the Supreme Judicial Court's decision affirming the same—resulted in a denial of Anderson's constitutional rights and rights pursuant to other federal laws.  Because any decision in Anderson's

favor necessarily requires the Court to undermine state court judgments, the Court lacks subject matter jurisdiction over Anderson's claims.[4]  See Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008) (stating that the Rooker–Feldman doctrine, "in broad terms, deprives the district court of subject matter jurisdiction over a final judgment of a state court"); Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (noting that the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court") (quoting Exxon, 544 U.S. at 291). Because the Rooker–Feldman doctrine applies with equal force to the claims against the Landlord Defendants, which were previously adjudicated by the Housing Court, the Court dismisses all claims against all Defendants for lack of subject matter jurisdiction.

### B. Commonwealth Defendants are Immune from Anderson's Claims

Even if the Court had subject matter jurisdiction (which it does not), the Commonwealth Defendants are also immune from such claims brought against them in federal court. The "Eleventh Amendment bars federal suits by citizens against the state or state agencies . . .

---

[4] The Court recognizes that abstention may not be warranted under the Rooker–Feldman doctrine in rare situations where a federal plaintiff does not seek to undo a state judgment, but rather "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party[.]" Exxon, 544 U.S. at 284.  Anderson attempts to repackage her state court claims here, including by asserting (as she did before the Supreme Judicial Court) that she was denied access to courts in violation of the due process clauses of the Fifth and Fourteenth Amendments.  See, e.g., D. 8 ¶¶ 79-90; see D. 1-3 at 15-16 (explaining in appeal to the Supreme Judicial Court that the Commonwealth deprived Anderson of "access to the court").  In so doing, Anderson has failed to present claims that are independent of the underlying state court judgments and her requested relief unequivocally seeks to undo these judgments. Indeed, each count in the amended complaint seeks to incorporate by reference documents Anderson filed in the state court proceedings at issue. See D. 8 ¶¶ 75-101.  Moreover, to the extent Anderson complains that the state courts did not consider the merits of her right to a jury trial claim, this claim was not unanswered because of some inadequacy at the state court level; rather, Anderson failed to perfect her appeals.  Failure to abide by the appellate review process, without more, does not create an exception to the application of Rooker-Feldman abstention here.

'regardless of the nature of the relief sought.'" O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000) (quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). The Supreme Judicial Court is an arm of the state and, thus, is entitled to sovereign immunity from suit in this Court. See, e.g., Whalen v. Massachusetts Trial Court, 397 F.3d 19, 28-30 (1st Cir. 2005) (holding that state court was entitled to Eleventh Amendment immunity). The Court cannot discern any claim for relief pressed here as to which the Commonwealth of Massachusetts or the Supreme Judicial Court has waived its sovereign immunity to suit in federal court or Congress has overridden it. Accordingly, the Supreme Judicial Court is immune from the claims alleged against it in the amended complaint.

Judicial Defendants are similarly immune from Anderson's claims against them in their official capacities. Absolute judicial immunity protects judges from acts performed within the scope of their jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Pierson v. Ray, 386 U.S. 547, 553-554 (1967); Allard v. Estes, 292 Mass. 187, 189-90 (1935). Because the claims at issue here are based on actions judicial officers took in their official capacities, Judicial Defendants are entitled to absolute immunity.[5]

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the motion to dismiss and dismisses the amended complaint in its entirety with prejudice, D. 24, against all Defendants. In light of this ruling, the Court declines to consider Attorney Liviz's novel request to join the litigation as a party, D. 28, and DENIES that motion as moot.

**So Ordered.**

/s/ Denise J. Casper

---

[5] Given this ruling, the Court does not reach the additional arguments asserted by Commonwealth Defendants in support of dismissal.

10

                                              United States District Judge